# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>vs.<br>ROSE CARMONA,<br><br>                             Defendant. | CASE NO. 20cr00059-LAB<br><br>**ORDER DENYING MODIFICATION OF BOND** |

      Rosa Carmona was arrested on December 11, 2019, while driving into the United States from Mexico in an automobile containing 18.3 kilograms of methamphetamine. At a bond hearing held December 24, 2019 before Magistrate Judge Linda Lopez, the prosecutor informed Judge Lopez that Carmona had suffered a "prior drug dealing conviction," that her criminal history revealed that she had failed to appear in court in previous cases, and that warrants had been issued for her arrest. The prosecutor recommended that the Court set a $35,000 cash or corporate surety bond.

      In determining conditions of release, Judge Lopez noted that Carmona had been arrested in August 2019 for theft, and that at the time of the December 24 bond hearing a warrant for the defendant's arrest on the theft charge was outstanding. Nonetheless, Judge Lopez found that conditions of release on the federal charge could be set. She ordered to Carmona to post a $30,000 personal appearance bond, secured by the signatures of two financially responsible and related adults. Additionally, she required that the bond be further secured by a 10% cash deposit.

On April 3, 2020, the parties filed a joint motion to reduce the bond amount to $20,000, and to reduce the number of sureties required to secure the bond from two people to one. Judge Lopez granted the motion.

Then, on April 8, 2020, the parties filed another joint motion to further reduce the amount of the bond to $10,000. Judge Lopez denied the motion on April 14. After reviewing an updated Pretrial Services Report prepared on April 10, the Judge set forth her reasons in a Minute Order. She wrote: "While the Court is mindful of the serious risks any person faces due to the COVID-19 pandemic, said reason alone is insufficient to modify the balance of factors prescribed by Congress in determining an appropriate bond in this case."

Carmona now appeals to this Court, requesting that the undersigned modify the bond consistent with the recommendation of parties in their joint motion filed April 8.

This Court's review of bond conditions set by a Magistrate Judge is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The Bail Reform Act directs a district court to assess a variety of factors in determining whether there are conditions which will reasonably assure the defendant's presence at trial and other proceedings. These include the history and characteristics of the defendant, the weight of evidence, and the nature and circumstances of the offense charged. *See* 18 U.S.C. § 3142(g).

The thrust of defendant's argument for reducing the $20,000 bond set by Magistrate Judge Lopez is that the spread of the COVID-19 virus through detention facilities where federal detainees are being held has created a greatly increased risk of infection among detainees. The Court acknowledges the increased danger posed by the virus. But while the risk of infection is an important factor to consider during this period of pandemic, the possibility of exposure to the virus doesn't dispense with the Court's obligation to consider other relevant factors set forth in § 3142.

Here, the defendant is charged with a very serious offense – one that could subject her to a 10-year mandatory minimum sentence. Even if she is not subject to the mandatory required sentence, given the type and amount of the controlled substance that

is alleged, she faces the likelihood of a receiving a substantial sentence of incarceration if she pleads guilty or is convicted at trial.

The Court has little information concerning the weight of the evidence against the defendant. In any event, the weight of the evidence is to be given the least weight among the § 3142 factors. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

Concerning the history and characteristics of the defendant, the Court is informed that she is 43 years old, the mother of three children, two of whom are adults. She has family members who reside in the Fresno area. She is a U.S. citizen, and has lived in California for 41 years. Her employment record is spotty – she has recently worked as a caregiver, an Uber driver, and a movie theater attendant. She has a prior felony conviction for "drug dealing" in 1998. She also has a more recent criminal arrest for theft, and a warrant for her arrest was issued in relation to that arrest. She has a history of failing to appear in court. While counsel has presented some now-dated statistical evidence on the incidence of COVID-19 infections in local detention facilities, there is no allegation or evidence that the defendant suffers from any pre-existing conditions that renders her acutely susceptible if she does become infected. To quote Ninth Circuit Judge Callahan, the defendant presents as a "generic detainee, in that [s]he claims neither to have contracted the virus nor to suffer from any underlying health issues placing h[er] at greater risk than anyone else in Government custody." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020) (Callahan, dissenting).

The Court finds that while the defendant will not pose a danger to others if released, her release does pose a risk of flight. And while the prevalence of the COVID-19 virus outbreak in detention facilities informs the balancing of relevant § 3142 release factors, that factor alone does not control the release decision. The Court also rejects any implication that the release decision is, or should be, controlled by the joint recommendation of counsel; the law entrusts release decisions to the Court, not to counsel.

Reviewing the entire record *de novo*, and balancing all the § 3142 considerations, the Court finds that the modified bond set by Judge Lopez on April 3, 2020 is the *minimum*

bond necessary to reasonably assure defendant Carmona will appear at trial and other proceedings in this case. No further modification of the bond is warranted at this time, and absent evidence demonstrating a significant change of circumstances, no further modification of bond should be granted in this case.

Defendant's motion for modification of bond is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 13, 2020

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge